NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JERMAINE MCFADDEN, <br><br> Plaintiff, <br><br> v. <br><br> ADMINISTRATOR PATRICIA MCGILL, *et al.*, <br><br> Defendants. | No. 25cv1684 (EP) (JBC) <br><br> **MEMORANDUM ORDER** |

*Pro se* Plaintiff Jermaine McFadden ("McFadden"), a state prisoner presently incarcerated in New Jersey State Prison in Trenton, New Jersey, brings this action, pursuant to 42 U.S.C. § 1983, arising out of incidents that allegedly occurred in Northern State Prison in Newark, New Jersey. D.E. 1 ("Compl."). The complaint is unsigned. *Id.* at 7. Federal Rule of Civil Procedure 11(a) requires *pro se* plaintiffs to sign their complaints.

Furthermore, pursuant to Local Civil Rule 54.3, the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed, unless the fee is paid in advance. Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis* ("IFP").[1] McFadden indicates he wishes to proceed IFP but has submitted a deficient IFP application. D.E. 1-1.

Title 28, section 1915 of the United States Code establishes certain financial requirements for prisoners who are attempting to bring a civil action IFP. Under § 1915, a prisoner seeking to

---

[1] The entire fee to be paid in advance of commencing any civil action is $405. L. Civ. R. App'x K. That fee includes a filing fee of $ 350 plus an administrative fee of $55, for a total of $405. *Id.* A prisoner who is granted IFP status will, instead, be assessed a filing fee of $350 and will not be responsible for the $55 administrative fee. *Id.* A prisoner who is denied IFP status must pay the full $405, including the $350 filing fee and the $55 administrative fee, before the civil action will be filed.

bring a civil action IFP must submit an affidavit, including a statement of all assets and liabilities, which states that the prisoner is unable to pay the fee. 28 U.S.C. § 1915(a)(1). The prisoner also must submit a certified copy of his inmate trust fund account statement(s) for the six-month period immediately preceding the filing of his action. 28 U.S.C. § 1915(a)(2). The prisoner must obtain this certified statement from the appropriate official of each correctional facility at which he was or is confined during such six-month period. *Id.* Plaintiff has not submitted a *certified* inmate trust fund account statement, and must correct this deficiency.

The Court will direct the Clerk to send Plaintiff a form complaint and the appropriate IFP application. The Clerk will be directed to reopen the action when Plaintiff submits a properly completed IFP application or pays the filing fee and submits a signed complaint.

Therefore, for the foregoing reasons,

**IT IS**, on this **8th** day of April 2025,

**ORDERED** that the Clerk shall **ADMINISTRATIVELY TERMINATE** this action due to Plaintiff's failure to satisfy the filing fee requirement; and it is further

**ORDERED** that the Clerk shall supply to Plaintiff a blank form "Prisoner Civil Rights Complaint" and a blank form "Affidavit of Poverty and Account Certification (Civil Rights)" to be used if Plaintiff wishes to seek IFP status in this matter; and it is further

**ORDERED** that if Plaintiff wishes to re-open this action, he shall so notify the Court, in writing addressed to the Clerk of the Court, at Martin Luther King Building and U.S. Courthouse, 50 Walnut Street, Newark, New Jersey, 07102, within **thirty (30) days** from the date of entry of this Order. Plaintiff's writing shall include either (1) a complete IFP application, including an affidavit of indigence and an account certification from the appropriate official of each prison at

which the prisoner is or was confined, or (2) the $405 filing and administrative fees; and (3) a signed Complaint; and it is further

**ORDERED** that the Clerk shall reopen this case upon receipt of the filing fee or an *in forma pauperis* application, and a signed Complaint; and it is finally

**ORDERED** that the Clerk shall send a copy of this Memorandum Order to Plaintiff by regular mail.

*[signature]*
Evelyn Padin, U.S.D.J.